# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## May 24, 1923.

## THE PEOPLE EX REL. ALFRED R. LUDWIG v. WILLIAM F. HARDIN.

### (205 App. Div. 717.)

(1) AUTOMOBILE LAW—CODE OF ORDINANCES OF CITY OF NEW YORK, CH. 24, § 11, SUBDS. 3 AND 8, CONSTRUED.

Subdivision 3 of section 11 of chapter 24 of the Code of Ordinances of the City of New York, providing that "Vehicles overtaking others shall, in passing, keep to the left," is clearly intended to apply to a car that is traveling in a line of traffic and the driver of which leaves the line for the purpose of passing the cars ahead of him. The purpose of subdivision 8 of said section providing that "Vehicles moving slowly shall keep as close as possible to the curb line on the right, so as to allow faster moving vehicles free passage on the left," is to provide for an unobstructed lane for the swift passage of vehicles near the middle of the road and another line near the curb for heavy trucks and such other conveyances, including pleasure cars, as for the time being from whatever cause are being driven at a slow rate of speed.

(2) SAME—DRIVER OF AUTOMOBILE CROSSING LINE OF TRAFFIC IN CERTER OF STREET AT RIGHT ANGLES MADE LEFT TURN AND CONTINUED IN LINE OF SLOW MOVING VEHICLES UNTIL ARRESTED, NOT GUILTY, THOUGH AS RESULT OF CONGESTION IN TRAFFIC THE VEHICLES IN CENTER OF STREET WHICH WERE GOING IN SAME DIRECTION WERE ACTUALLY MOVING MUCH SLOWER THAN HIS CAR.

Accordingly, the driver of an automobile is not guilty of violating said section where it appears that he turned into the street in question from an intersecting street, crossed the line of traffic in the center of the street at right angles, made a left turn and at once entered the line of slow moving vehicles near the curb and continued therein until he was arrested, though as the result of congestion in traffic the vehicles in the center of the street, which were going in the same direction as the driver, were actually moving much slower than his car.

APPEAL by the defendant, William F. Harden, from an order of the County Court of the county of Queens, dated the

22d day of September, 1922, affirming a judgment of the City Magistrate's Court of the City of New York, Borough of Queens, Second District, rendered against him on the 31st day of May, 1921, convicting him of violating section 11 of chapter 24 of the Code of Ordinances of the City of New York.

*Robert H. Wilson,* for the appellant.

*Frank E. Phillips, Assistant District Attorney (Dana Wallace, District Attorney,* with him on the brief), for the respondent.

KELBY, J.:

The defendant was convicted in the Magistrate's Court, Borough of Queens, of a violation of chapter 24, section 11, of the Code of Ordinances of the City of New York, in that he " did unlawfully while driving a motor vehicle, pass upon the right of another vehicle at Queens Boulevard, Elmhurst." He appealed to the County Court, which affirmed the conviction, and from the " judgment or order " of the County Court he appeals to this court.

At the time of his arrest, appellant was driving his automobile along Queens boulevard in a westerly direction. Queens boulevard has in its center a strip of asphalt, about twenty feet wide, that is reserved for the use of fast-moving vehicles. On each side of the asphalt strip is a brick pavement, where trolley cars run and on which " slow-moving " vehicles are permitted to be driven.

At the time in question many automobiles were returning from a nearby race track and there was a steady and uninterrupted stream of pleasure vehicles passing along the asphalted roadway in the direction of the borough of Manhattan. Because of the congestion all the automobiles were moving at a speed of but three or five miles an hour. The defendant, in a pleasure vehicle, drove down Woodhaven avenue to the point

where it joins the boulevard. Because of the compactness of the line moving Manhattanward along the asphalt, he was obliged to wait ten minutes before he had an opportunity to cross. Finally, upon a signal from the driver of a stalled car, he drove "across the line" and into the car track on the extreme right. He drove in the car track "all the way down" until he came within a couple of blocks of Grand street. His speed did not exceed ten miles an hour, but he was nevertheless passing the vehicles to his left, which at the time, as already stated, were almost at a standstill. When he came up near Grand street he was stopped by a traffic policeman and handed a summons.

Subdivision 3 of section 11 of chapter 24 of the Code of Ordinances of the City of New York reads: "3. Overtaking others. Vehicles overtaking others shall, in passing, keep to the left." This subdivision is clearly intended to apply to a car that is traveling in a line of traffic and the driver of which wishes to leave the line for the purpose of passing the cars ahead of him. But this defendant never formed a part of the line in the middle of the road, and, therefore, he did not draw out of it for the purpose of passing the cars ahead of him. He crossed the line, apparently at right angles, made a left turn and drove on and along the car track, where, as the policeman himself said, slow-moving vehicles had a right to be.

The traffic policeman making the arrest testified that "any vehicle going slow is a slow-moving vehicle;" again, he defined slow-moving vehicles to be horses and wagons "or any machine that is limited as to speed;" and, following this definition, he would not say that a touring car was a slow-moving vehicle. On the other hand, he also testified that any "slow-traveling automobile" could keep in the tracks at right of the road; and, again, that anything that traveled under twenty miles an hour could keep in the tracks.

Subdivision 8 of section 11 of chapter 24 of said Code of

Ordinances reads: " 8. *Slow-moving vehicles.   Vehicles moving slowly* shall keep as close as possible to the curb line on the right, *so as to allow faster moving vehicles free passage on the left.*"

A reading of the caption of this subdivision might lead to the belief that the vehicles directed to keep as close as possible to the curb line on the right are vehicles so built or used, such as heavy delivery wagons and horse-drawn vehicles, that they necessarily move slowly.    But the words of the section itself dispel such belief, the reason for the rule being given in the words " so as to allow faster moving vehicles free passage on the left."    The object of the ordinance is to provide for an unobstructed lane for the swift passage of vehicles near the middle of the road, " so as to allow faster moving vehicles free passage on the left," and another line, nearer the curb, for heavy trucks and such other conveyances, including pleasure cars, as for the time being, from whatever cause, are being driven at a slow rate of speed.    If a driver in the fast-moving line wishes to go faster than those ahead, he shall, obeying subdivision 3, pass on the left.    If, for some reason, he desires or is compelled to go slowly, he shall deflect to the right and join the slow-moving line near the curb.    If he is not in the line reserved for fast-moving cars, but is and has been from the beginning in the line near the edge of the road, he may properly remain there so long as he maintains a slow rate of speed.

In the case under consideration the driver never was in the line ordinarily reserved for fast-moving vehicles.    He came across the road and directly into the line reserved for slow-moving vehicles, and up to and at the time he was served with the summons he was going at a speed slower than that which is usually permissible in that line.

Admittedly the defendant was going at a slow rate of speed. His sole offense seems to be that, although driving slowly, he was nevertheless driving faster than the cars forming the line

on his left, which at that time was almost at a standstill. To hold such a view would mean that every vehicle in the line on the right must, no matter how slow the pace, move slower than the line on the left, and that should the line on the left, from any cause, be obliged to come to a stop, the line on the right must also come to a stop and remain so until the other line gets in motion. The framers of the ordinance never contemplated any such construction.

The ordinance relied upon is too indefinite and uncertain in its terms to allow the conviction of a citizen for a criminal offense.

The order of the County Court of Queens county affirming the judgment of the City Magistrate's Court should be reversed on the law and the facts, the fine remitted, and the complaint dismissed.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order of the County Court of Queens county affirming a judgment of the City Magistrate's Court reversed on the law and the facts, fine remitted, and complaint dismissed.